IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                     Case No. 14-4121-RDR

SAMANTHA JO FITZWATER n/k/a
SAMANTHA JO FITZWATER-BYBEE,
and JERED BYBEE,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is presently before the court upon the motion of the United States for summary judgment against defendant Samantha Jo Fitzwater (Fitzwater) n/k/a Samantha Jo Fitzwater-Bybee.  Fitzwater has not timely responded to the United States' motion.  After carefully reviewing the motion, the court is now prepared to rule.

I.

United States brings this action for judgment on a promissory noted executed by Fitzwater in favor of the United States Department of Agriculture (USDA) Rural Housing Service (RHS), and for foreclosure of a real property mortgage given to the USDA to secure the promissory note.  In its motion, the United States argues there are no genuine disputes of material fact.  Thus, United States seeks judgment as a matter of law for foreclosure of the real estate mortgage securing the promissory

note, and for sale of the real property described in the mortgages in partial satisfaction of the judgment.

## II.

"Summary judgment is proper if the movant demonstrates that there is 'no genuine issue as to any material fact' and that it is 'entitled to a judgment as a matter of law.'" Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998)(quoting Fed. R. Civ. P. 56(c)).

## III.

The undisputed material facts here are as follows:  On or about February 17, 2010, Fitzwater signed and delivered to the USDA-RHS, a promissory note in which she promised to pay to the USDA the sum of $58,000.00 with interest thereon at 4.8750 percent per annum. In exchange for the promissory note, the USDA made a loan to Fitzwater.  To secure the payment of the promissory note, Fitzwater did, on February 17, 2010, sign and deliver to the USDA a real estate mortgage, which was filed on record with the Register of Deeds of Labette County, Kansas on February 18, 2010.  United States is the owner and holder of the promissory note and real estate mortgage.

 Fitzwater has failed to pay to the USDA-RHS installments of principal and interest when due as required by the terms of the promissory note and mortgage.  The USDA has completed the loan

servicing requirements of the Housing Act of 1949, 42 U.S.C. § 1471 et seq.

On April 24, 2014, the debt owed to the USDA was accelerated for failure to make payments as required and demand was made for payment in full. No payment has been received. There is currently due and owing as of April 27, 2015, to the United States on the defaulted account of Fitzwater, the total sum of $57,648.87, which includes $54,028.32 unpaid principal and $3,620.55 of unpaid interest, plus interest accruing from and after April 27, 2015, at the daily rate of $6.9478.

IV.

To recover for breach of contract under federal law, a party must establish: (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach. Red Lake Band of Chippewa Indians v. United States Department of Interior, 624 F.Supp.2d 1, 12 (D.D.C. 2009).  Here, these elements have been established through uncontroverted facts and there is no genuine dispute of material fact remaining. Accordingly, the entry of summary judgment for the United States and against Fitzwater is appropriate.

IT IS THEREFORE ORDERED that the United States' motion for summary judgment (Doc. # 12) be hereby granted.  Judgment shall be entered for the United States of America, and against

3

defendant Samantha Jo Fitzwater (Fitzwater) n/k/a Samantha Jo Fitzwater-Bybee.  The court shall enter judgment in favor of the United States in the total sum of $57,648.87, which includes $54,028.32 unpaid principal and $3,620.55 of unpaid interest, plus interest accruing from and after April 27, 2015, at the daily rate of $6.9478, together with interest at the legal rate thereafter; plus such advances as the United States may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other recoverable costs necessary to protect the security during the pendency of this proceeding; plus the costs of this action; and for foreclosure of its mortgages and sale of the real property in partial satisfaction of any judgment rendered.

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2015.

                                        **s/RICHARD D. ROGERS**
                                        **UNITED STATES DISTRICT JUDGE**